Salina M. Kanai #8096
Federal Public Defender, District of Hawaii
Melinda K. Yamaga #9246
Assistant Federal Defender
300 Ala Moana Boulevard, Suite 7104
Honolulu, Hawaii 96850
Telephone:   808-541-2521
Facsimile:   808-541-3545
E-Mail:      salina_kanai@fd.org
             melinda_yamaga@fd.org

Attorneys for Defendant (03)
Rajesh P. Budhabhatti

In the United States District Court
for the District of Hawaii

| United States Of America<br>　　　Plaintiff<br><br>　　v.<br><br>Rajesh P. Budhabhatti<br>　　　Defendant (03) | Cr. No. 22-00058 JAO-03<br><br>Defendant (03) Budhabhatti's Notice of Appeal; Exhibits A–C; Certificate of Service |

**Defendant (03) Budhabhatti's
<u>Notice of Appeal</u>**

Defendant Rajesh P. Budhabhatti, through counsel, herein gives notice pursuant to FRAP 4(b) that he appeals to the United States Court of Appeals for the Ninth Circuit from the *Order Denying Defendants' Various Motions (ECF Nos. 70, 71, 72, 73, 74, 75, 76) and Granting Defendants' Motions for Joinder (ECF Nos. 78, 79, 80, 84, 85, 86, 87, 88)*, filed by the United States District Court for the District of Hawaii on November 28, 2023. Specifically, Budhabhatti appeals from the district court's denial of his *Motion to Dismiss* (ECF No. 71), which raised his claim that the

superseding indictment fails to state federal honest services fraud offenses under 18 U.S.C. §§1343, 1346, and 1349, and, accordingly, asserting that he has a right not to be tried and subjected to federal prosecution for honest services fraud, be it under Count 1's conspiracy allegation or the wire fraud allegations under Counts 2 through 10.

Exhibit A to this notice provides a copy of the district court order denying Budhabhatti's dismissal motion. Exhibit B provides a copy of Budhabhatti's dismissal motion. Exhibit C provides a copy of the superseding indictment.

This notice of appeal is filed pursuant to 28 U.S.C. §1291 and the collateral order doctrine. As this Court reaffirmed in *United States v. Pangang Group Company, Ltd.*, 6 F.4th 946 (CA9 2021), an order denying a claim that, if meritorious, precludes the government from subjecting the defendant to trial, and thus bars a federal "prosecution from going forward at all," falls within the collateral order doctrine and may be immediately appealed. *Pangang Group Company, Ltd.*, 6 F.4th at 952 (citations omitted) (reviewing the district court's ruling on a motion to dismiss a federal prosecution for failure to state an offense under the collateral order doctrine). The claim at issue here is that, on its face, the government's superseding indictment explicitly predicates its conspiracy allegation and separate wire fraud allegations on a self-dealing scheme, because the indictment alleges that the public servant at issue received the scheme's proceeds from companies that he and his coconspirators jointly created and owned together. A public servant paying himself proceeds from a fraudulent scheme through

2

companies he has an ownership interest in is engaging in a fraudulent self-dealing scheme, not a bribery or kickback scheme. Because *Skilling v. United States*, 561 U.S. 358 (2010), and *Percoco v. United States*, 143 S.Ct. 1130 (2023), hold that honest services fraud under 18 U.S.C. §1343 does not reach self-dealing, the government's superseding indictment does not, as a matter of law, state cognizable federal fraud offenses. And, thus, Budhabhatti is not subject to federal prosecution and cannot be subjected to trial in a federal court for his participation in the self-dealing scheme described in the superseding indictment.

As in *Pangang Group Company, Ltd.*, Budhabhatti's right not to be tried for honest services fraud will be lost if review of the district court's dismissal ruling is not subject to immediate appeal under the collateral order doctrine. *See also*, *e.g.*, *United States v. MacDonald*, 435 U.S. 850, 860 (1978) (collateral order doctrine applies when the order being appealed denies "an asserted right[,] the legal and practical value of which would be destroyed if it were not vindicated before trial"). The practical value of not being subjected to the ordeal of trial in a federal district court for something that is not a federal offense would be entirely lost if appellate review of Budhabhatti's claim is deferred until after that trial occurs.

The collateral order doctrine's other two requirements are also met here. The district court's order conclusively determines the disputed question of whether the four corners of the superseding indictment alleges federal offenses. And that issue is completely separate from whether the defendants (a) did what the superseding indictment says they did and (b) are guilty or innocent of violating 18 U.S.C.

§§1343, 1346, and 1349. *See Midland Asphalt Corp. v. United States*, 489 U.S. 794, 799 (1989). Whether the indictment's allegations describe a self-dealing scheme or honest services fraud is a zero-sum thing; it alleges either one or other, because *Skilling* and *Percoco* make clear that the latter does not embrace the former and that the two do not overlap. Which side of the self-dealing|honest-services divide this superseding indictment falls on has nothing to do with whether the defendants are guilty or innocent of properly pled honest services fraud under §§1343, 1346, and 1349.

In accord with the foregoing, this appeal is allowed under 28 U.S.C. §1291 pursuant to the collateral order doctrine.

Date:  Honolulu, Hawaii, November 30, 2023.

/s/ Salina M. Kanai
Salina M. Kanai
Federal Public Defender
Melinda K. Yamaga
Assistant Public Defender
Attorneys for Defendant (03)
Rajesh P. Budhabhatti

4

## Certificate Of Service

I, Salina M. Kanai, certify that a true and correct copy of the foregoing has

been or will be timely served on the following by the noted methods of service:

(1)  Mohammad Kahtib
     Margaret C. Nammar
     Assistant United States Attorneys
     Attorneys for the United States
     *Served via CM/ECF*

(2)  Birney B. Bervar
     Attorney for Defendant (01), Paul Joseph Sulla, Jr.
     *Served via CM/ECF*

(3)  Gary K. Springstead
     Clinton Westbrook
     Rick H.S. Sing
     Attorneys for Defendant (02), Gary Charles Zamber
     *Served via CM/ECF*

Date:  Honolulu, Hawaii, November 30, 2023.

/s/ Salina M. Kanai
Salina M. Kanai
Federal Public Defender
Attorney for Defendant (03)
Rajesh P. Budhabhatti