IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 22-00058 JAO-KJM |
| Plaintiff, | COURT'S FINAL PROPOSED JURY INSTRUCTIONS FOR THE END OF THE TRIAL |
| vs. | |
| PAUL JOSEPH SULLA, JR., GARY CHARLES ZAMBER, and RAJESH P. BUDHABHATTI, | |
| Defendants. | |

## COURT'S FINAL PROPOSED JURY INSTRUCTIONS FOR THE END OF THE TRIAL

Attached are the Court's Final Proposed Jury Instructions for the end of the

trial for consideration at the instruction conference scheduled for 5/29/25 at

3:00 pm.  The Court notes that, for ease of redlining, it did not move the

instructions out of the order in which they appeared in the Court's Third Amended

Proposed Jury Instructions for the End of Trial.  However, the instruction numbers

//

//

//

at the start of each instruction have been filled in and will be ordered accordingly

in the final version of the Jury Instructions.

DATED: Honolulu, Hawaiʻi, May 29, 2025.



Jill A. Otake
United States District Judge

# INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religious beliefs, birthplace, home state, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into

1

anything I may have said or done any suggestion as to what verdict you should

return—that is a matter entirely up to you.

## <u>INSTRUCTION NO. 2</u>

You are here only to determine whether the defendants are guilty or not guilty of the charges in the indictment.  The defendants are not on trial for any conduct or offense not charged in the indictment.

## **INSTRUCTION NO. 3**

Although the defendants are being tried together, you must give separate consideration to each defendant.  In doing so, you must determine which evidence in the case applies to each defendant, disregarding any evidence admitted solely against some other defendant(s).  The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to any other defendant(s).

# INSTRUCTION NO. 4

A separate crime is charged against one or more of the defendants in each count.  The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately.  Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All the instructions apply to each defendant and to each count unless a specific instruction states that it applies only to a specific defendant and/or count.

## **INSTRUCTION NO. 5**

The indictment is not evidence.  The defendants have pleaded not guilty to the charges.  The defendants are presumed to be innocent unless and until the government proves the defendants guilty beyond a reasonable doubt.  In addition, the defendants do not have to testify or present any evidence.  The defendants do not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

## INSTRUCTION NO. 6

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.  A reasonable doubt is one that would cause a reasonable person to hesitate in acting upon it.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

## <u>INSTRUCTION NO. 7</u>

The evidence you are to consider in deciding what the facts are consists of:

(1)    the sworn testimony of any witness; and

(2)    the exhibits received in evidence.

## INSTRUCTION NO. 8

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1.      Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.      Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.      Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

9

## INSTRUCTION NO. 9

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

For example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a leaky garden hose, may provide an explanation for the water on the sidewalk.  Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

## INSTRUCTION NO. 10

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it

11

differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

You must avoid bias, conscious or unconscious, based on a witness' race, color, religious beliefs, national ancestry, home state, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

## <u>INSTRUCTION NO. 11</u>

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that Gary Charles Zamber and Rajesh P. Budhabhatti did not testify.

## <u>INSTRUCTION NO. 12</u>

Paul Joseph Sulla, Jr. has testified.  You should treat this testimony just as you would the testimony of any other witness.

## INSTRUCTION NO. 13

You have heard testimony that the defendants made statements. It is for you to decide (1) whether the defendants made the statements, and (2) if so, how much weight to give to them. In making those decisions, you should consider all the evidence about the statements, including the circumstances under which the defendants may have made them, and your assessment of the credibility of the person claiming the statements were made.

## INSTRUCTION NO. 14

You have heard testimony from Monica Gould who testified about facts and her opinions and the reasons for those opinions. Fact testimony is based on what the witness personally saw, heard, or did. Opinion testimony is based on the specialized knowledge, skill, experience, training, or education of the witness.

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

As to the testimony about the witness's opinions, this testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness. Opinion testimony should be judged like any other testimony. You may accept all of it, part of it, or none of it. You should give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

You also should consider whether the witness testified to personal observations or involvement as a fact witness or testifying to an opinion based on specialized knowledge, skill, experience, training, or education. When a witness provides opinion testimony based on knowledge, skill, experience, training, or education, that person might rely on facts that are not based on his or her personal

16

observations or involvement, but that opinion cannot serve as proof of the underlying facts.

You should also consider the factors discussed earlier in these instructions that were provided to assist you in weighing the credibility of witnesses.

Also, the fact that a witness is allowed to express opinions based on that person's specialized knowledge, skill, experience, training, or education should not cause you to give that witness undue deference for any of aspect of that person's testimony or otherwise influence your assessment of the credibility of that witness.

17

## <u>INSTRUCTION NO. 15</u>

During the trial, certain charts and summaries were admitted into evidence as Exhibits 266 through 293. These charts and summaries will go to the jury room with you. These charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

## <u>INSTRUCTION NO. 16</u>

You have heard testimony from Alan Scott Rudo, a witness who pleaded guilty pursuant to a plea agreement to a crime arising out of the same events for which the defendants are on trial.  This guilty plea is not evidence, and you may consider it only in determining this witness's believability.

In evaluating the testimony of Mr. Rudo, you should consider the extent to which or whether his testimony may have been influenced by his plea agreement.  In addition, you should examine the testimony of Mr. Rudo with greater caution than that of other witnesses.

## <u>INSTRUCTION NO. 17</u>

There was testimony at this trial that attorneys interviewed witnesses when preparing for the trial and during the trial.  You must not draw any unfavorable inference from that fact.

## INSTRUCTION NO. 19

The indictment charges that the offense alleged in Count 1 was committed "in or about and between" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that that offense was committed on dates reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the dates charged.

"Reasonably near" is not open-ended. It simply means that it is not necessary for the government to prove that the offense was committed precisely on or within the charged dates.

But, as to Count 1, you must find that the alleged conspiracy ended at some point on or after July 21, 2017. If you find that the alleged conspiracy ended before July 21, 2017, then you may not return a guilty verdict on Count 1 as to any of the three defendants.

## **INSTRUCTION NO. 23**

The indictment charges that the offenses alleged in Counts 2 through 10 were committed "on or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that those offenses were committed on dates reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that those offenses were committed precisely on the dates charged as to each count.

"Reasonably near" is not open-ended.  It simply means that it is not necessary for the government to prove that the offense was committed precisely on or within the charged dates.

## INSTRUCTION NO. 18

The defendants, Paul Joseph Sulla, Jr., Gary Charles Zamber, and Rajesh P. Budhabhatti, are charged in Count 1 of the indictment with conspiracy to commit honest services wire fraud in violation of Section 1349 of Title 18 of the United States Code.

For a defendant to be found guilty of conspiracy to commit honest services wire fraud, the government must prove each of the following elements beyond a reasonable doubt:

First, in or about and between December 2014 and October 2021, there was an agreement between two or more persons to commit honest services wire fraud (the elements of that crime will be provided to you in my instructions on Counts 2 through 10); and

Second, the defendant became a member of the conspiracy knowing of its object and intending to help accomplish it.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is unnecessary for the conspirators to have made a formal agreement or to have agreed on every detail of the conspiracy.

23

But it is not enough to have simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit honest services wire fraud as the object of the conspiracy.

One becomes a member of a conspiracy by knowingly and intentionally participating in the unlawful plan with the intent to advance or further the object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who knowingly and intentionally joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way that furthers the object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

While the conspiracy charged in Count 1 is alleged to have existed in or about and between December 2014 and October 2021, in order to convict a defendant as to Count 1, you must find that that at least some of the defendant's participation in the scheme happened between July 21, 2017 and October 2021.

24

## INSTRUCTION NO. 20

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other defendants in the overall scheme, that defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt:

First, the defendant directly conspired with one or more conspirators to carry out the object of the conspiracy;

Second, the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

Third, the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

## **INSTRUCTION NO. 21**

As to Count 1, you must decide whether the conspiracy charged in the indictment existed, and, if it did, who at least some of its members were.

If you find that the charged conspiracy did not exist, then you must return a not guilty verdict as to Count 1, even though you may find that some other conspiracy or conspiracies existed.

Similarly, if you find that any defendant was not a member of the charged conspiracy, then you must find that defendant not guilty as to Count 1, even though that defendant may have been a member of some other conspiracy.

## <u>INSTRUCTION NO. 22</u>

Each of the defendants, Paul Joseph Sulla, Jr., Gary Charles Zamber, and

Rajesh P. Budhabhatti, is charged in Counts 2 through 10 of the indictment with

honest services wire fraud in violation of Sections 1343 and 1346 of Title 18 of the

United States Code.

For a defendant to be found guilty of that charge, the government must

prove each of the following elements beyond a reasonable doubt:

<u>First</u>, he devised or knowingly participated in a scheme or plan to deprive

the citizens of the County of Hawai'i of their right to Mr. Rudo's honest services;

<u>Second</u>, the scheme or plan consisted of bribes or kickbacks promised or

provided in exchange for Mr. Rudo's agreement to take one or more official acts;

<u>Third</u>, Mr. Rudo owed a fiduciary duty to the citizens of the County of

Hawai'i;

<u>Fourth</u>, the defendant acted with the intent to defraud;

<u>Fifth</u>, Mr. Rudo's act was material; and

<u>Sixth</u>, on or about the dates listed in the table below, the defendant used, or

caused someone to use, the alleged interstate or foreign wire communication to

carry out or to attempt to carry out the scheme or plan.

### 1. The Scheme or Plan to Deprive Honest Services.

A "scheme" is any plan or course of action formed with the intent to accomplish some purpose. Thus, to find the defendant guilty of this offense, you must find that the defendant devised or knowingly participated in a plan or course of action involving bribes or kickbacks promised or provided to Mr. Rudo. A deprivation of the right of honest services does not require tangible harm.

### 2. The Bribes or Kickbacks in Exchange for Services.

Bribes and kickbacks involve the exchange of a thing or things of value for official acts by a fiduciary, in other words, a quid pro quo (a Latin phrase meaning "this for that" or "these for those"). A quid pro quo is satisfied if the evidence shows that the defendant promised or provided to Mr. Rudo something of value in exchange for his promise to take one or more future official acts in his capacity as an employee of the County's Office of Housing and Community Development.

The quid pro quo may be express or may be implied from all the surrounding circumstances, and can include a course of conduct of favors and gifts flowing to the public official in exchange for a pattern of official acts favorable to the donor. The thing of value may be provided directly or indirectly, and can be anything tangible or intangible as long as the public official believes it has value or will have value in the future.

28

The government does not have to prove that Mr. Rudo explicitly promised to perform a particular act at the time the defendant promised or provided him something of value. Rather, the government must show that Mr. Rudo understood at the time the defendant promised or provided him something of value, that he was expected to take an official act as the opportunities to take such action arose.

The thing of value need not have been promised or provided solely with a corrupt intent to influence or reward. The fact that an act is motivated in part by friendship is no defense so long as one of the motives is to influence or reward the public official.

"Official act" means any decision or action on a question or matter involving the formal exercise of governmental power. The question or matter must be pending, or be able by law to be brought, before a public official and the question or matter must be something specific and focused, rather than a broad policy objective.

The official's decision or action may include using his official position to exert pressure on another official to perform an official act, or to advise another official, knowing or intending that such advice will form the basis for an official act by another official. The official need not be the final decisionmaker. The government does not need to prove that the official ever actually intended to

29

perform an official act or that the official ever did, in fact, perform an official act, provided he agreed to do so.

In this case, the government must prove that Mr. Rudo is the official who agreed to commit or did commit an official act or acts, and the government must prove that he did so while he was employed at the Office of Housing and Community Development. Any act he agreed to commit after he left the Office of Housing and Community Development is not an "official act" as these instructions use that phrase.

### 3. The Fiduciary Duty.

A "fiduciary" duty exists if you find that two things happened. First, the citizens of the County of Hawaiʻi placed special trust and confidence in Mr. Rudo—the alleged fiduciary—expecting that he would then exercise his discretion and expertise with the utmost honesty and forthrightness in the interest of the citizens of the County of Hawaiʻi, such that they relaxed the care and vigilance that they would ordinarily exercise. Second, Mr. Rudo knowingly accepted that special trust and confidence and thereafter undertook to act on behalf of the citizens of the County of Hawaiʻi.

The mere fact that an employment relationship arose between Mr. Rudo and the Office of Housing and Community Development does not mean that Mr. Rudo owed a fiduciary duty to the citizens of the County of Hawaiʻi. If the Office of

Housing and Community Development employed Mr. Rudo and thereafter directed, supervised, or approved his actions, Mr. Rudo was not necessarily a fiduciary. Rather, as previously stated, it is only when one party places, and the other accepts, a special trust and confidence—usually involving the exercise of professional expertise and discretion—that a fiduciary relationship exists.

### 4. Intent to Defraud.

An intent to defraud here means the intent to deceive and cheat by depriving the citizens of the County of Hawai'i of their right to Mr. Rudo's honest services.

### 5. Materiality.

An act was material if it had a natural tendency to influence, or was capable of influencing, the Office of Housing and Community Development's acts.

### 6. Use of a Wire.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It does not matter whether the material wired was itself false or deceptive so long as the wire was used as a part of the scheme, nor does it matter whether the scheme or plan was successful or that any money or property was obtained.

The following is the table of alleged wires mentioned in the sixth element above:

31

| Count | Date | Interstate Wire Transmission |
|-------|------|------------------------------|
| 2 | 10/4/2018 | Email from SULLA to Rudo indicating that he was "not looking at [the Kailua-Kona project] as an attorney waiting on a fee but as an investor in a subdivision project." |
| 3 | 1/9/2019 | Wire payment in the amount of approximately $50,000 to an escrow account for the benefit of West View made as a deposit for the purchase of AHCs, which West View acquired through AHA 2. |

| | | |
|-------|------|------------------------------|
| 4 | 4/9/2019 | Email from ZAMBER to the OHCD seeking the OHCD's approval of the transfer of AHCs that West View acquired through AHA 2 and falsely stating West View's commitment to developing affordable housing. |
| 5 | 5/21/2019 | Email from BUDHABHATTI to Rudo proposing potential means for obtaining OHCD approval of the transfer of AHCs that West View acquired through AHA 2 and stating, "Blasting [OHCD Housing Administrator] sounds tempting but probably not enough.  Putting pressure on mayor seems to make sense but seems bit dangerous." |
| 6 | 8/20/2019 | Email from BUDHABHATTI to the Office of the Mayor of the County, ZAMBER and others requesting that the Mayor instruct the OHCD to approve the transfer of AHCs that West View acquired through AHA 2 "immediately." |
| 7 | 10/20/2019 | Email from BUDHABHATTI to Rudo proposing a sale of the Kailua-Kona Property for $2.8 to $3 million with BUDHABHATTI and Rudo keeping "two finished lots of our choice." |

| 8 | 5/11/2018 | Wire payment in the amount of approximately $1,488,639.14 to an escrow account for the benefit of Plumeria representing the proceeds of the sale of the Waikoloa Property. |
| 9 | 6/6/2018 | Wire payment in the amount of approximately $944,742 to an escrow account for the benefit of Plumeria and used to purchase real estate, the ownership of which was later transferred to Dezign Artz. |
| 10 | 12/6/2018 | Email from SULLA to Rudo, ZAMBER, and another individual attaching SULLA's "analysis of the breakdown of the Plumeria Sale for $1,500,000," listing each of the co-schemer's share of the proceeds. |

# INSTRUCTION NO. 24

An act is done knowingly if the defendant is aware of the act and does not act or fail to act through ignorance, mistake, or accident.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

## INSTRUCTION NO. 27

A defendant may be found guilty of honest services wire fraud even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime. To prove a defendant guilty of honest services wire fraud by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, another defendant committed honest services wire fraud;

Second, the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of honest services wire fraud;

Third, the defendant acted with the intent to facilitate honest services wire fraud; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit honest services wire fraud.

35

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

## <u>INSTRUCTION NO. 25</u>

Undisclosed self-dealing or undisclosed conflicts of interest are insufficient to constitute honest services wire fraud.  Undisclosed conflicts of interest and undisclosed self-dealing do not involve quid pro quos.

## <u>INSTRUCTION NO. 26</u>

It is not a legal defense to honest services wire fraud that the official acts were good for the community or were acts that the public official would have or should have taken without the bribe.

## INSTRUCTION NO. 28

Counts 2 through 10 of the indictment charge each of the defendants with committing the crime of honest services wire fraud. There are three ways that the government can prove a defendant guilty of this crime. The first is by proving the defendant personally committed this crime. The second is by proving the defendant aided and abetted another defendant in the commission of the crime.

The third is described as follows:

Each member of the conspiracy is responsible for the actions of the other conspirators performed during and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime. Therefore, you may find a defendant guilty of honest services wire fraud as charged in Counts 2 through 10 of the indictment if the government has proved each of the following elements beyond a reasonable doubt. Please note that you must perform this analysis as you determine your verdict for each defendant as to Counts 2 through 10.

First, a defendant named in Count 2 committed the crime of honest services wire fraud as alleged in that count, with all of you agreeing as to which defendant did so;

<u>Second</u>, that same defendant was a member of the conspiracy charged in Count 1 of the indictment;

<u>Third</u>, that same defendant committed the crime of honest services wire fraud in furtherance of the conspiracy;

<u>Fourth</u>, the defendant about whom you are deliberating was a member of that same conspiracy at the time the offense charged in Count 2 was committed; and

<u>Fifth</u>, the offense charged in Count 2 fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

You must perform this same analysis for Counts 3, 4, 5, 6, 7, 8, 9, and 10 as you determine your verdict for each defendant. If, however, you found a defendant guilty of one of these counts either because he personally committed the crime charged in that count or because he aided and abetted in the commission of the crime charged in that count, you do not need to go through the analysis as to that count for that defendant.

## INSTRUCTION NO. 29

Regarding Counts 2 through 10, if you decide that the defendant was a member of a scheme to defraud and that the defendant had the intent to defraud, the defendant may be responsible for other co-schemers' actions during the course of and in furtherance of the scheme, even if the defendant did not know what the other co-schemers said or did.

For the defendant to be guilty of an offense committed by a co-schemer in furtherance of the scheme, the offense must be one that the defendant could reasonably foresee as a necessary and natural consequence of the scheme to defraud.

## **INSTRUCTION NO. 30**

You have heard evidence that Defendants Zamber and Budhabhatti committed other acts not charged here, related to ERH1.  You may consider this evidence only for its bearing, if any, on the question of that defendant's preparation or plan and for no other purpose.  You may not consider this evidence as evidence of guilt of any crime for which any defendant is now on trial.

## INSTRUCTION NO. 31

Defendant Paul Joseph Sulla, Jr. is charged in Count 11 of the indictment with Money Laundering in violation of Section 1956(a)(1)(B)(i) of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that on or about December 23, 2021, in the District of Hawaii, the defendant conducted a financial transaction involving property that represented the proceeds of honest services wire fraud;

Second, the defendant knew that the property represented the proceeds of some form of unlawful activity; and

Third, the defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds.

A financial transaction is a transaction involving the movement of funds by wire or other means that affects interstate or foreign commerce in any way.

The phrase "knew that the property represented the proceeds of some form of unlawful activity" means that the defendant knew that the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a felony.  I instruct you that honest services wire fraud is a felony.

43

## <u>INSTRUCTION NO. 32</u>

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

## <u>INSTRUCTION NO. 33</u>

The punishment provided by law for this crime is for the court to decide.

You may not consider the potential punishment of the defendants in deciding

whether the government has proved its cases against the defendants beyond a

reasonable doubt.

## <u>INSTRUCTION NO. 34</u>

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

46

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

## INSTRUCTION NO. 35

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religious beliefs, birthplace, home state, sexual orientation, gender identity, gender, or economic circumstances. Do not allow yourself to be influenced by unconscious biases. Unconscious biases

are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

49

## <u>INSTRUCTION NO. 36</u>

A verdict form has been prepared for you.  After you have reached

unanimous agreement on verdicts, your foreperson should complete the verdict

form according to your deliberations, sign and date it, and advise the courtroom

manager that you are ready to return to the courtroom.

## **INSTRUCTION NO. 37**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom manager, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.