KENNETH M. SORENSON
United States Attorney
District of Hawaii

MOHAMMAD KHATIB
MARGARET C. NAMMAR #9045
Assistant United States Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
E-mail: Mohammad.Khatib@usdoj.gov
        Margaret.Nammar@usdoj.gov

EDWARD P. SULLIVAN
Acting Chief, Public Integrity Section
United States Department of Justice

WILLIAM GULLOTTA
Trial Attorney, Public Integrity Section
Criminal Division
U.S. Department of Justice
1301 New York Ave., N.W., 10th Fl.
Washington, D.C. 20530
Telephone: (202) 514-1412
E-mail: William.Gullotta2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 22-00058-JAO-KJM-02 |
| Plaintiff, | UNITED STATES' MOTION FOR ENTRY OF A FORFEITURE MONEY JUDGMENT; CERTIFICATE OF SERVICE |
| v. | |
| GARY CHARLES ZAMBER (02) | |
| Defendant. | |

## UNITED STATES' MOTION FOR ENTRY
## OF A FORFEITURE MONEY JUDGMENT

The United States of America, by and through its undersigned attorneys, moves the Court for the entry of a forfeiture money judgment against defendant GARY CHARLES ZAMBER ("Defendant") in the amount of $124,270.

On May 30, 2024, a federal grand jury returned a Second Superseding Indictment against Defendant, charging him with one count of conspiring to commit honest services wire fraud, in violation of 18 U.S.C. § 1349 (Count 1), and nine counts of honest services wire fraud, in violation of 18 U.S.C. §§ 1343 and 1346 (Counts 2 through 10), and providing notice that, upon conviction, the government would seek forfeiture.

On June 4, 2025, following a jury trial, a jury found Defendant guilty of all counts.

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, Defendant's violations of 18 U.S.C. §§ 1343 and 1349 (Counts 1 through 10), which are offenses constituting specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7), require him to forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offenses.

Rule 32.2(b) of the Federal Rules of Criminal Procedure provides, "[a]s soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding

2

which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute." Fed. R. Crim. P. 32.2(b)(1)(A). If, as in this case, "the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay."[1] *Id*. That "determination may be based on evidence already in the record, . . . and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). If forfeiture is contested, either party may request a hearing. *Id*.

Where the statutory prerequisites are met, forfeiture is mandatory. *United States v. Depue,* 585 Fed. Appx. 388, 388-89 (9th Cir. 2014) ("Because the Government included notice of forfeiture in its criminal information, entry of a forfeiture judgment against [defendant] is mandatory . . . , and the district court erred in refusing to enter such a judgment at the Government's request."); *United States v. Nava*, 404 F.3d 1119, 1124 (9th Cir. 2005) ("At sentencing, the district court must order forfeiture of the property in addition to imposing any other sentence.").

---

[1] Where a money judgment is requested, the Court, not the jury, determines the amount of that money judgment. *United States v. Phillips*, 704 F.3d 754, 769-71 (9th Cir. 2012).

It is well settled that the court may order forfeiture in the form of a personal money judgment. *See United States v. Newman*, 659 F.3d 1235, 1242-43 (9th Cir. 2011) (forcing defendants to disgorge their ill-gotten gains, "even those already spent"). Even if a defendant currently lacks the resources to satisfy the judgment, courts do not have the discretion to decline to impose a money judgment. *Phillips,* 704 F.3d at 771 (Rule 32.2(b) "does not permit the district court to do anything other than 'determine the amount of money that the defendant will be ordered to pay'" (quoting Fed. R. Crim. P. 32.2(b))); *United States* v. *Casey*, 444 F.3d 1071, 1074-76 (9th Cir. 2006) (because forfeiture is mandatory, defendant who has already spent proceeds of his offense must pay money judgment; otherwise he will have been allowed to enjoy fruits of his crime, which would be inconsistent with remedial purpose of statute). This is true even if the defendant will also be subject to a mandatory order to pay restitution to the victims of his offense. *Phillips*, 704 F.3d at 771.

Unlike the guilt phase of the trial, where the government's burden was to prove the crimes charged beyond a reasonable doubt, the government need only prove its forfeiture case—including any personal money judgment sought—by a preponderance of the evidence. *See Libretti v. United States*, 516 U.S. 29, 38-39 (1995) (criminal forfeiture is part of sentencing; therefore preponderance of

4

evidence burden of proof applies); *see also United States v. Liquidators of Eur. Fed. Credit Bank*, 630 F.3d 1139, 1149 (9th Cir. 2011) (same).

In determining the amount of the forfeiture money judgment, the Court need only make a reasonable approximation, based on the evidence in the record, of the amount derived from the offense. *See United States v. Roberts,* 660 F.3d 149, 166 (2d Cir. 2011) (because forfeiture is punitive, not restitutive, the calculation of the forfeiture money judgment need not be exact and is not improper if it exceeds what the defendant obtained to some extent); *see also United States v. Corrado*, 227 F.3d 543 (6th Cir. 2000).

Here, the government seeks the entry of a personal money judgment against Defendant because it has been unable to locate all of the proceeds he obtained as a result of the commission of the violations of 18 U.S.C. §§ 1343 and 1349 charged in the Second Superseding Indictment. The "proceeds" of such offenses are "property of any kind obtained directly or indirectly, as the result of the commission of the offense giving rise to forfeiture, and any property traceable thereto, and is not limited to the net gain or profit realized from the offense." 18 U.S.C. § 981(a)(2)(A). The amount of the forfeiture is not what the Defendant earned, but what was "obtained" as a result of the commission of the offense. *United States v. Lo,* 839 F.3d 777, 793 (9th Cir. 2016); *United States v. Prasad*, 18 F.4th 313, 319 (9th Cir. 2021).

Based on the evidence presented at trial through documents and testimony, the government has established by a preponderance of the evidence, that Defendant obtained $124,270 of proceeds from the honest services wire fraud and conspiracy that the government has been unable to locate.  As FBI Forensic Accountant Kayla Shimoda testified at trial, and as depicted in the United States' exhibits 268, 271, and 273, this amount reflects the total amount of proceeds actually received by Defendant.  *See* 5/21/2025 Tr. at 175-222; and 5/22/2025 Tr. at 12-19.

Accordingly, the United States is entitled to a money judgment against Defendant in the above amount.

DATED:  Honolulu, Hawaii, January 21, 2026.

Respectfully submitted,

KENNETH M. SORENSON
United States Attorney
District of Hawaii

By */s/ Mohammad Khatib*
　MOHAMMAD KHATIB
　MARGARET C. NAMMAR
　Assistant U.S. Attorneys

EDWARD P. SULLIVAN
Acting Chief, Public Integrity Section

By */s/ William Gullotta*
　WILLIAM GULLOTTA
　Trial Attorney
　Public Integrity Section
　U.S. Department of Justice

CERTIFICATE OF SERVICE

I hereby certify that, on the date and by the method of service noted below, a

true and correct copy of the foregoing was served on the following:

Served Via CM/ECF:
Gary K. Springstead: Attorney for Deft.(2) Gary Charles Zamber
Springstead Bartish Borgula & Lynch, PLLC
28A W. Main Street
Fremont, MI 49412

Clinton W. Westbrook: Attorney for Deft.(2) Gary Charles Zamber
Springstead Bartish Borgula & Lynch, PLLC MI
60 Monroe Center St. NW, #500 Ste. 500
Grand Rapids, MI 49503


DATED:  January 21, 2026, at Honolulu, Hawaii.

/s/ Mohammad Khatib
MOHAMMAD KHATIB
Assistant U.S. Attorney