KENNETH M. SORENSON
United States Attorney
District of Hawaii

EDWARD P. SULLIVAN
Acting Chief, Public Integrity Section
United States Department of Justice

MOHAMMAD KHATIB
MARGARET C. NAMMAR #9045
Assistant United States Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
E-mail: Mohammad.Khatib@usdoj.gov
           Margaret.Nammar@usdoj.gov

WILLIAM GULLOTTA
Trial Attorney, Public Integrity Section
Criminal Division
U.S. Department of Justice
1301 New York Ave., N.W., 10th Fl.
Washington, D.C. 20530
Telephone: (202) 514-1412
E-mail: William.Gullotta2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. CR 22-00058-JAO-KJM-02 |
| | ) | |
| Plaintiff, | ) | ORDER OF FORFEITURE |
| | ) | (MONEY JUDGMENT) |
| v. | ) | |
| | ) | |
| GARY CHARLES ZAMBER (02) | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER OF FORFEITURE (MONEY JUDGMENT)

WHEREAS, a Second Superseding Indictment was filed on May 30, 2024, charging defendant Gary Charles Zamber with one count of conspiracy to commit honest services wire fraud, in violation of 18 U.S.C. § 1349 (Count 1), and nine counts of honest services wire fraud, in violation of 18 U.S.C. §§ 1343 and 1346 (Counts 2 through 10), and providing notice that, upon conviction, the government would seek forfeiture; and

WHEREAS, on or about June 4, 2025, following a jury trial, defendant Gary Charles Zamber was found guilty of all the counts against him charged in the Second Superseding Indictment; and

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, a person convicted of a violation of 18 U.S.C. §§ 1343 and/or 1349, which are offenses constituting specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7), shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to that offense; and

WHEREAS, based upon the evidence introduced at trial and any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable pursuant to Rule 32.2(b)(1)(B) of the Federal Rules of Criminal Procedure, and by the preponderance of the evidence, the United States is now entitled to a forfeiture money judgment in the amount of $124,270 in United

States currency (the "Forfeiture Money Judgment"), which represents property that constitutes or is derived from proceeds traceable to the honest services wire fraud conspiracy, and honest services wire fraud offenses of which defendant Gary Charles Zamber has been found guilty, and which is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461; and

WHEREAS, pursuant to the Second Superseding Indictment and 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461, it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture if, as a result of any act or omission of the defendant, any property subject to forfeiture:

(A)   cannot be located upon the exercise of due diligence;

(B)   has been transferred or sold to, or deposited with, a third party;

(C)   has been placed beyond the jurisdiction of the court;

(D)   has been substantially diminished in value; or

(E)   has been commingled with other property which cannot be divided without difficulty; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment; and

WHEREAS, good and sufficient cause has been shown,

It is hereby ORDERED, ADJUDGED, AND DECREED:

THAT, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461 and Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based on the evidence presented by the United States at trial and any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable pursuant to Rule 32.2(b)(1)(B) of the Federal Rules of Criminal Procedure, defendant Gary Charles Zamber shall forfeit to the United States the sum of $124,270, representing property that constitutes or is derived from proceeds traceable to the honest services wire fraud conspiracy and honest services wire fraud, of which defendant Gary Charles Zamber was found guilty; and

THAT, a money judgment in the amount of $124,270 (the "Forfeiture Money Judgment") is hereby entered against the defendant Gary Charles Zamber; and

THAT, the Forfeiture Money Judgment shall be deemed part of the sentence of the defendant Gary Charles Zamber and shall be included in the judgment of conviction;

THAT, all payments on the Forfeiture Money Judgment shall be made via www.pay.gov, or via postal money order, bank check, or certified check made payable to the United States Marshals Service and delivered to the United States Attorney's Office, District of Hawaii, Attn: Asset Forfeiture Coordinator, PJKK Federal Building, 300 Ala Moana Boulevard, Suite #6-100, Honolulu, Hawaii

96850, with the defendant's name and criminal docket number noted on the face of the check; and

THAT, upon execution of this Order, and pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461, the U.S. Marshals Service shall be authorized to deposit the payments on the Forfeiture Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property; and

THAT, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents, and issuance of subpoenas; and

THAT, the United States may move at any time pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(p) to amend this Order to include substitute property having a value not to exceed $124,270 in United States currency to satisfy the Forfeiture Money Judgment in whole or in part; and

THAT, if this Order is amended to include such substitute property, the United States is authorized to seize that property pursuant to 21 U.S.C. § 853(g) and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure; and

THAT, the value of any substitute assets, including any forfeited money and the net proceeds derived from the sale of any forfeited property, will be applied to the Forfeiture Money Judgment until the Forfeiture Money Judgment is satisfied in full; and

THAT, this Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

ORDERED this 27th day of January, 2026, at Honolulu, Hawaii.



Jill A. Otake
United States District Judge

USA v. Paul Joseph Sulla, Jr., et al; Case No. CR 22-00058 JAO-KJM; "Order of Forfeiture (Money Judgment)"