# MINUTES

CASE NUMBER:          1:22-cr-00058-JAO-KJM-2

CASE NAME:            United States of America v. (02) Gary Charles Zamber

ATTY'S FOR PLA:       Mohammad Khatib
                      Margaret Nammar
                      William Gullotta

ATTY'S FOR DEFT:      Gary K. Springstead
                      Clinton W. Westbrook

U.S. PROBATION:       Sara Nieling

JUDGE:    Jill A. Otake          REPORTER:    Beth Krupa

DATE:     1/30/2026              TIME:        11:30am-02:07pm

COURT ACTION:  EP:    Sentencing as to Counts 1 through 10 of the Second Superseding Indictment as to Defendant (02) Gary Charles Zamber was held.

Defendant (02) Gary Charles Zamber was present, not in custody.

Clinton W. Westbrook, Esq. and Alyssa D. Bell, Esq. present by Video Teleconference ("VTC").

Defendant was found guilty by a jury on June 6, 2025, to Counts 1 through 10 of the Second Superseding Indictment.

The Court received and reviewed the letters on behalf of the Defendant.

Parties have reviewed the Presentence Report, and it is placed in the record under seal.

Court findings made as to the applicable sentencing guidelines. Court adopts the factual findings of the Presentence Report.

[Recess 12:01 pm - 12:17 pm]

Recommendations by Counsel as to proposed sentence heard.

Allocution by Defendant.

[Recess 1:43 pm – 1:50 pm]

Court notes the aggravating and mitigating factors related to Defendant's sentencing.

Court's proposed sentence stated. No legal objections to the proposed sentence. Court imposes sentence.

ADJUDGED:

Imprisonment: SEVENTY (70) MONTHS as to Counts 1 through 10, to run concurrently

Supervised Release: THREE (3) YEARS as to each count, to run concurrently

Fine: None imposed.

Restitution: N/A

Special Assessment: $1,000 ($100 per count)

Court imposes the list of standard conditions recommended by the U.S. Probation and Pretrial Services Office and a copy provided to the parties as part of the initial presentence report in this case. Mr. Springstead waives the reading of the 13 standard conditions of release.

Mandatory and Standard Conditions of Supervised Release -

> You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision. (mandatory condition)

> You must cooperate in the collection of DNA as directed by the probation officer. (mandatory condition)

> You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you are released, unless the probation officer instructs you to report to a different probation office or within a different time frame. (standard condition)

Special Conditions of Supervised Released -

1. You must participate in a substance abuse assessment as coordinated by the probation officer. Based on the results of that assessment, the probation officer may then request that the Court order specific substance abuse treatment.

2.      As part of the substance abuse treatment regimen and monitoring, you must submit to substance abuse testing to determine if you have used a prohibited substance. You must not attempt to obstruct or tamper with the testing methods.

3.      You are prohibited from using marijuana, synthetic marijuana, any products containing tetrahydrocannabinol, or any other products derived from a marijuana plant, including for medicinal or business purposes, without the prior approval of the Court.

4.      You must not possess or use alcohol during the term of supervision. You must warn any other resident and/or guest that you are prohibited from possessing any alcohol in your residence and on your property. You must submit to alcohol testing at the direction of the probation office.

5.      You must participate in a mental health assessment as coordinated by the probation officer. Based on the results of that assessment, the probation officer may then request that the court order specific mental health treatment.

6.      You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the US Attorney's Office.

7.      You must cooperate with the US Attorney's Office and arrange for the payment of any forfeiture money judgment.

8.      You must apply all monies received from income tax refunds, lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation, at the discretion and direction of the court.

9.      You must provide the probation officer with a signed release authorizing credit checks and an accurate financial statement, with supporting documentation, as to all of your sources and amounts of income, all of your expenses, and any business you own, in whole or in part.

10.     You must provide the probation officer with access to any and all business records, financial records, client lists, and other records, pertaining to the operation of any business you own, in whole or in part, as directed by the probation officer.

11.     You must submit your person, property, house, residence, vehicle, papers, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only

when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

Defendant is advised of his right to appeal within 14 days of entry of judgment.

Forfeiture: The defendant shall forfeit the forfeitable property listed in the Order of Forfeiture (Money Judgment), ECF No. 648, which is incorporated hereby by reference.

JUDICIAL RECOMMENDATION: 1) California or Oregon; and 2) RDAP (500 Hour Residential Drug Treatment)

Defendant to self-surrender @ 2:00 p.m. on 3/13/2026 at the facility designated by the BOP. The time is the time of the facility.

Defendant (02) Gary Charles Zamber to remain on previously imposed conditions of release until the mittimus date of 3/13/2026.

Submitted by: Carla Cortez, Courtroom Manager