AO 245B (Rev. 2/18) Judgment in a Criminal Case
Sheet 1

# United States District Court
## District of Hawaii

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
**Feb 06, 2026**
Lucy H. Carrillo, Clerk of Court

UNITED STATES OF AMERICA

v.

**RAJESH P. BUDHABHATTI**

## JUDGMENT IN A CRIMINAL CASE

Case Number:    **1:22CR00058-003**

USM Number:    **19383-510**

SALINA M. KANAI, FD

MELINDA K. YAMAGA, AFD

Defendant's Attorney

## THE DEFENDANT:

[ ]    pleaded guilty to count(s): ___.

[ ]    pleaded nolo contendere to counts(s) ___ which was accepted by the court.

[✔]    was found guilty on count(s) 1 - 10 of the Second Superseding Indictment  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC §§ 1343, 1346, and 1349 | Conspiracy to Commit Honest Services Wire Fraud | 10/2021 | 1 |
| 18 USC §§ 1343 and 1346 | Honest Services Wire Fraud | 10/2021 | 2-10 |

The defendant is sentenced as provided in pages 2 through  7  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]    The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[ ]    Count(s) ___ (is)(are) dismissed on the motion of the United States.

It is further ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

February 6, 2026

Date of Imposition of Judgment

Signature of Judicial Officer

**JILL A. OTAKE**, United States District Judge

Name & Title of Judicial Officer

February 6, 2026

Date

AO 245B        (Rev. 6/05) Judgment in a Criminal Case
               Sheet 2   Imprisonment

DEFENDANT:    RAJESH P. BUDHABHATTI                                    Judgment  Page 2 of 7
CASE NUMBER:  1:22CR00058-003

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: NINETY (90) MONTHS

This term consists of NINETY (90) MONTHS as to Counts 1 through 10, to run concurrently.

[✔]    The court makes the following recommendations to the Bureau of Prisons:
       1) FCI, Lompoc CA

[]     The defendant is remanded to the custody of the United States Marshal.

[ ]    The defendant shall surrender to the United States Marshal for this district.
       [ ]  at ____ on ____ .
       [ ] as notified by the United States Marshal.

[✔]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
       [✔] before 2:00 p.m.  on 3/20/2026 .
       [ ] as notified by the United States Marshal.
       [ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

    Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.


                                                 _____
                                                       UNITED STATES MARSHAL


                                         By      _____
                                                       Deputy U.S.  Marshal

AO 245B (Rev. 2/18) Judgment in a Criminal Case
Sheet 3   Supervised Release

DEFENDANT:     RAJESH P. BUDHABHATTI                                    Judgment - Page 3 of 7
CASE NUMBER:  1:22CR00058-003

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: THREE (3) YEARS

This term consists of THREE (3) YEARS as to each count, to run concurrently.

## MANDATORY CONDITIONS

1.      You must not commit another federal, state, or local crime.

2.      You must not unlawfully possess a controlled substance.

3.      You must refrain from any unlawful use of a controlled substance.  You must submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision.

        [ ]     The above drug testing condition is suspended, based on the court's determination that you poses a low risk of future substance abuse.  *(Check if applicable.)*

4.      [ ]     You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(Check if applicable.)*

5.      [✔]    You must cooperate in the collection of DNA as directed by the probation officer. *(Check if applicable)*

6.      [ ]     You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location you reside, work, are a , or were convicted of a qualifying offense. *(Check if applicable)*

7.      [ ]     You must participate in an approved program for domestic violence. *(Check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

AO 245B (Rev. 2/18) Judgment in a Criminal Case
Sheet 3A   Supervised Release

DEFENDANT:     RAJESH P. BUDHABHATTI                                    Judgment - Page 4 of 7
CASE NUMBER:  1:22CR00058-003

## STANDARD CONDITIONS OF SUPERVISION

1.   You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you are released, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.   After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.
3.   You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.   You must answer truthfully the questions asked by the probation officer. Your legitimate invocation of the Fifth Amendment privilege against self incrimination in response to a probation officer's question shall not be considered a violation of this condition.
5.   You must live at a place approved by the probation officer. If you plan to change where you live or who lives with you, you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.   You must allow the probation officer to visit you at any time reasonable under the circumstances at your home or elsewhere, and you must permit, to the extent you are able or authorized to do so, the probation officer to take any items prohibited by the conditions of your supervision that the officer observes in plain view.
7.   You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full time employment, you must try to find full time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or if there are substantial changes to your job responsibilities, you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.   Unless you have received advance permission from the probation officer or the association is required by supervision conditions, you must not voluntarily and intentionally associate with any person you know is engaged in committing a federal, state, or local crime, not including traffic offenses, whether the crime is being committed in or outside of your presence. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.   If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10.  You must not own, possess, or have access to a firearm, ammunition, destructive device, as defined in 18 U.S.C. § 921(a)(4), or dangerous weapon (that is, anything that was designed or was modified for the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).
11.  You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12.  If the probation officer determines that you pose a risk to an organization or a person relating to your criminal record or personal history or characteristics, the probation officer may require, with the court's approval, that you notify that organization or person (or that person's parent, guardian, caretaker, or other individual responsible for the person's welfare) about the risk, and you must comply with that instruction. The probation officer may contact the organization or person that you were directed to notify and confirm that you notified that organization or person about the risk.
13.  You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation Officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions.  For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at : www.uscourts.gov.

Defendants Signature  _____

Date                  _____

AO 245B (Rev. 2/18) Judgment in a Criminal Case
Sheet 3D   Supervised Release

DEFENDANT:    RAJESH P. BUDHABHATTI                                                Judgment - Page 5 of 7
CASE NUMBER:  1:22CR00058-003

# SPECIAL CONDITIONS OF SUPERVISED RELEASE

1.  You must participate in a substance abuse assessment as coordinated by the probation officer. Based on the results of that assessment, the probation officer may then request that the Court order specific substance abuse treatment.

2.  As part of the substance abuse treatment regimen and monitoring, you must submit to substance abuse testing to determine if you have used a prohibited substance. You must not attempt to obstruct or tamper with the testing methods.

3.  You are prohibited from using marijuana, synthetic marijuana, any products containing tetrahydrocannabinol, or any other products derived from a marijuana plant, including for medicinal or business purposes, without the prior approval of the Court.

4.  You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the US Attorney's Office.

5.  You must cooperate with the US Attorney's Office and arrange for the payment of any forfeiture money judgment.

6.  You must apply all monies received from income tax refunds, lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation, at the discretion and direction of the court.

7.  You must submit your person, property, house, residence, vehicle, papers, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

AO 245 B (Rev. 02/18) Judgment in a Criminal Case
        Sheet 5   Criminal Monetary Penalties

DEFENDANT:    RAJESH P. BUDHABHATTI                                           Judgment - Page 6 of 7
CASE NUMBER:  1:22CR00058-003

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| Totals: | $ 1000.00 | $ | $ | $ |

[ ]   The determination of restitution is deferred until      . An *Amended Judgment in a Criminal Case* (AO245C) will be entered
      after such a determination.

[ ]   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

      If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless
      specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. §3664(i),
      all non-federal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

**TOTALS**                        $ _                          $ _

[ ]   Restitution amount ordered pursuant to plea agreement   $ _

[ ]   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full
      before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f).  All of the payment options on
      Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ]       The court determined that the defendant does not have the ability to pay interest and it is ordered that:

          [ ]       the interest requirement is waived for the       [ ] fine          [ ] restitution

          [ ]       the interest requirement for the   [ ] fine       [ ] restitution is modified as follows:

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses
committed on or after September 13,1994, but before April 23,1996.

AO 245B (Rev. 02/18) Judgment in a Criminal Case
    Sheet 6   Schedule of Payments

---

DEFENDANT:    RAJESH P. BUDHABHATTI                      Judgment - Page 7 of 7
CASE NUMBER:  1:22CR00058-003

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**      [ ]    Lump sum payment of $ _ due immediately, balance due
             [ ]        not later than _ , or
             [ ]        in accordance    [ ] C,    [ ] D,   [ ] E, or [ ] F below, or

**B**      [✔]    Payment to begin immediately (may be combined with       [ ] C,    [ ] D, or [ ] F below); or

**C**      [ ]    Payment in equal _ *(e.g., weekly, monthly, quarterly)* installments of $ _ over a period of _ *(e.g., months or years)*, to commence _ (e.g., 30 or 60 days) after the date of this judgment ; or

**D**      [ ]    Payment in equal _ *(e.g., weekly, monthly, quarterly)* installments of $ _ over a period of _ *(e.g., months or years)*, to commence _ (e.g., 30 or 60 days) after the release from imprisonment to a term of supervision; or

**E**      [ ]    Payment during the term of supervised release will commence within _ *(e.g., 30 or 60 days)* after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**      [ ]    Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]      Joint and Several

          Defendant and Co-Defendant Names and Case Numbers (including defendant number, Total Amount, Joint and Several Amount, and corresponding pay, if appropriate.

[ ]      The defendant shall pay the cost of prosecution.

[ ]      The defendant shall pay the following court cost(s):

[✔]      The defendant shall forfeit the defendant's interest in the following property to the United States: *See* ECF No. 665 Order of Forfeiture (Money Judgment), filed on February 3, 2026, which is incorporated herein by reference. [SEE ATTACHED]

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

KENNETH M. SORENSON
United States Attorney
District of Hawaii

MOHAMMAD KHATIB
MARGARET C. NAMMAR #9045
Assistant United States Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
E-mail: Mohammad.Khatib@usdoj.gov
        Margaret.Nammar@usdoj.gov

EDWARD P. SULLIVAN
Acting Chief, Public Integrity Section
United States Department of Justice

WILLIAM GULLOTTA
Trial Attorney, Public Integrity Section
Criminal Division
U.S. Department of Justice
1301 New York Ave., N.W., 10th Fl.
Washington, D.C. 20530
Telephone: (202) 514-1412
E-mail: William.Gullotta2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. CR 22-00058-JAO-KJM-03 |
| | ) | |
| Plaintiff, | ) | ORDER OF FORFEITURE |
| | ) | (MONEY JUDGMENT) |
| v. | ) | |
| | ) | |
| RAJESH P. BUDHABHATTI, (03) | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

ORDER OF FORFEITURE (MONEY JUDGMENT)

WHEREAS, a Second Superseding Indictment was filed on May 30, 2024, charging defendant Rajesh P. Budhabhatti with one count of conspiracy to commit honest services wire fraud, in violation of 18 U.S.C. § 1349 (Count 1), and nine counts of honest services wire fraud, in violation of 18 U.S.C. §§ 1343 and 1346 (Counts 2 through 10), and providing notice that, upon conviction, the government would seek forfeiture; and

WHEREAS, on or about June 4, 2025, following a jury trial, defendant Rajesh P. Budhabhatti was found guilty of all the counts against him charged in the Second Superseding Indictment; and

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, a person convicted of a violation of 18 U.S.C. §§ 1343 and/or 1349, which are offenses constituting specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7), shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to that offense; and

WHEREAS, based upon the evidence introduced at trial and any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable pursuant to Rule 32.2(b)(1)(B) of the Federal Rules of Criminal Procedure, and by the preponderance of the evidence, the United States is now entitled to a forfeiture money judgment in the amount of $549,773 in United

2

States currency (the "Forfeiture Money Judgment"), which represents property that constitutes or is derived from proceeds traceable to the honest services wire fraud conspiracy, and honest services wire fraud offenses of which defendant Rajesh P. Budhabhatti has been found guilty, and which is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461; and

WHEREAS, pursuant to the Second Superseding Indictment and 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461, it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture if, as a result of any act or omission of the defendant, any property subject to forfeiture:

(A)     cannot be located upon the exercise of due diligence;

(B)     has been transferred or sold to, or deposited with, a third party;

(C)     has been placed beyond the jurisdiction of the court;

(D)     has been substantially diminished in value; or

(E)     has been commingled with other property which cannot be divided without difficulty; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment; and

WHEREAS, good and sufficient cause has been shown,

It is hereby ORDERED, ADJUDGED, AND DECREED:

THAT, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461 and Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based on the evidence presented by the United States at trial and any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable pursuant to Rule 32.2(b)(1)(B) of the Federal Rules of Criminal Procedure, defendant Rajesh P. Budhabhatti shall forfeit to the United States the sum of $549,773, representing property that constitutes or is derived from proceeds traceable to the honest services wire fraud conspiracy and honest services wire fraud, of which defendant Rajesh P. Budhabhatti was found guilty; and

THAT, a money judgment in the amount of $549,773 (the "Forfeiture Money Judgment") is hereby entered against the defendant Rajesh P. Budhabhatti; and

THAT, the Forfeiture Money Judgment shall be deemed part of the sentence of the defendant Rajesh P. Budhabhatti and shall be included in the judgment of conviction;

THAT, all payments on the Forfeiture Money Judgment shall be made via www.pay.gov, or via postal money order, bank check, or certified check made payable to the United States Marshals Service and delivered to the United States Attorney's Office, District of Hawaii, Attn: Asset Forfeiture Coordinator, PJKK Federal Building, 300 Ala Moana Boulevard, Suite #6-100, Honolulu, Hawaii

96850, with the defendant's name and criminal docket number noted on the face of the check; and

THAT, upon execution of this Order, and pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461, the U.S. Marshals Service shall be authorized to deposit the payments on the Forfeiture Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property; and

THAT, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents, and issuance of subpoenas; and

THAT, the United States may move at any time pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(p) to amend this Order to include substitute property having a value not to exceed $549,773 in United States currency to satisfy the Forfeiture Money Judgment in whole or in part; and

THAT, if this Order is amended to include such substitute property, the United States is authorized to seize that property pursuant to 21 U.S.C. § 853(g) and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure; and

5

THAT, the value of any substitute assets, including any forfeited money and the net proceeds derived from the sale of any forfeited property, will be applied to the Forfeiture Money Judgment until the Forfeiture Money Judgment is satisfied in full; and

THAT, this Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

ORDERED this 3rd day of February, 2026, at Honolulu, Hawai'i.



Jill A. Otake
United States District Judge

USA v. Paul Joseph Sulla, Jr., et al; Case No. CR 22-00058 JAO-KJM-03; "Order of Forfeiture (Money Judgment)"